IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-91-33-D |
| | ) | |
| RODNEY LAWRENCE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

    A final hearing on the Petition for Warrant for Offender Under Supervision was held March 27, 2008, with the Government appearing by Arvo Q. Mikkanen, Assistant United States Attorney, and the defendant, Rodney Lawrence Brown, appearing in person and with counsel, Julia C. Summers, Assistant Federal Public Defender.

    Mr. Brown stipulated the government could prove he committed the violation as alleged in the petition, namely that on or about August 9, 1999, he was in possession of a firearm, and further, that he committed state law violations by being charged in a criminal case in Oklahoma County, Oklahoma, with shooting with intent to kill, possession of a firearm, and discharge of a firearm from a motor vehicle.

    Based on the stipulation, the Court finds Mr. Brown has violated the terms of his supervised release as reflected in the Petition for Warrant for Offender Under Supervision filed September 1, 1999, and his term of supervision is revoked. Both the defendant and the government also submitted exhibits and presented arguments before the court.

    After consideration of evidence, arguments of counsel, and the relevant factors, the Court orders that Mr. Brown is sentenced to time served of 7 days and further orders that the

defendant be subject to an additional period of supervised release of 30 months which is hereby imposed.

The Court finds and orders Mr. Brown should be required to participate in a program of drug treatment, aftercare and testing as directed by his supervising probation officer. The court further orders that the defendant abstain from any use of alcohol. The defendant must also submit to a search of his person, property, or automobile, under his control, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting drugs or firearms at the direction of the probation officer. He must inform any residents where he resides that the premises may be subject to such search.

Each of the original conditions of supervised release previously imposed, not superseded by this order, shall remain in effect and govern Mr. Brown's conduct for the remainder of his term of supervised release.

The defendant is to be released instanter.

Signed this   31st   day of March, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE